IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEMING SMITH, | No. C 09-03146 JW (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff, a California state inmate currently incarcerated at the Correctional Training Facility in Corcoran, has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging claims against San Quentin State Prison medical officials for unconstitutional acts. (Docket No. 9.) The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim

1 upon which relief may be granted," or "seeks monetary relief from a defendant who is
2 immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed,
3 however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

4      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
5 a right secured by the Constitution or laws of the United States was violated, and (2) that the
6 alleged violation was committed by a person acting under the color of state law. West v.
7 Atkins, 487 U.S. 42, 48 (1988).

8 B.    Plaintiff's Claims

9      Plaintiff alleges that on or about January 23, 2008, while he was incarcerated at SQSP,
10 he was scheduled to receive a Hepatis A shot. (Compl. at 3 & 5.) The medical nurse
11 administering the shot stuck himself with a needle and then proceeded to give plaintiff the
12 Hep-A shot using the same needle. (Id. at 5.) Plaintiff alleges that SQSP staff refused to
13 give the name of the medical staff member who gave him the shot or the give him an STD
14 test. (Id.) Plaintiff alleges that this constitutes "unprofessional and unethical medical healthy
15 safety practice." (Id. at 3.)

16      This complaint is deficient for several reasons. First of all, plaintiff's allegations,
17 when liberally construed, implicate the Eighth Amendment proscription against cruel and
18 unusual punishment where defendants act with deliberate indifference to serious medical
19 needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050,
20 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104
21 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.
22 1986). A determination of "deliberate indifference" involves an examination of two
23 elements: the seriousness of the prisoner's medical need and the nature of the defendant's
24 response to that need. See McGuckin, 974 F.2d at 1059. However, plaintiff's allegations are
25 insufficient to show that he was suffering a "serious" medical need which required medical
26 attention. A "serious" medical need exists if the failure to treat a prisoner's condition could
27 result in further significant injury or the "unnecessary and wanton infliction of pain."
28 McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104). The existence of an injury that

a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)). Plaintiff's claim that his circumstance necessitates an STD test is insufficient to state an Eighth Amendment violation absent allegations that he is suffering a "serious" medical need, *e.g.,* that he has a medical condition that significantly affects his daily activities or that he is suffering a chronic and substantial pain. Without a serious medical need, it cannot be said that defendants acted with deliberate indifference in allegedly ignoring plaintiff's request for an STD test.

Furthermore, plaintiff names as defendants the SQSP Medical Department (the "Department") along with John & Jane Does 1-100. (Id. at 2.) Plaintiff must name individual defendants upon whom the Court can issue service and serve all process. In naming an intended defendant, plaintiff should keep in mind under 42 U.S.C. § 1983, liability may be imposed on an individual defendant if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633.[1] If plaintiff fails to file an amended complaint naming at least one individual defendant, the Court may have to dismiss the complaint without prejudice to plaintiff later filing an action after he has ascertained the identity of the intended defendant.

With respect to the Department as defendant, plaintiff's allegations are insufficient to state a claim. To the extent that plaintiff is attempting to hold the Department responsible for

---

[1] The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See Leer, 844 F.2d at 633 (citations omitted).

the acts of its medical personnel, plaintiff's claim must fail because under no circumstances is there respondeat superior liability under section 1983. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

Nevertheless, local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. See id. at 690.[2] To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

Plaintiff will be given leave to file an amended complaint to attempt to correct the deficiencies discussed above.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.  The complaint is DISMISSED with leave to amend, as indicated above. Within **thirty (30) days** of the date this order is filed, plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 09-03146 JW ( PR). Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he

---

[2] They are absolutely immune from liability for punitive damages under § 1983, however. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

1 wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff
2 may not incorporate material from the original complaint by reference.
3      2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
4 informed of any change of address by filing a separate paper with the clerk headed "Notice of
5 Change of Address." He must comply with the Court's orders in a timely fashion or ask for
6 an extension of time to do so. Failure to comply may result in the dismissal of this action
7 pursuant to Federal Rule of Civil Procedure 41(b).
8     The clerk shall enclose a copy of the court's form complaint with a copy of this order
9 to plaintiff.

11 DATED: April 27, 2010

                     JAMES WARE
12                      United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.09\Smith03146_dwlta.wpd     5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FLEMING SMITH III,

        Plaintiff,

  v.

PEOPLE OF STATE OF CA,

        Defendant.

Case Number: CV09-03146 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/29/2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fleming Smith P21021
CSATF/State Prison at Corcoran
P. O. Box 5242
Corcoran, Ca 95378-0600

Dated: 4/29/2010

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk